RECEIVED
IN ALEXANDRIA, LA
JAN -5 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ISSAC DAVIS #113396 | DOCKET NO. 09-CV-1436; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CCA OF TENNESSEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION
## TO DISMISS ONLY TWO DEFENDANTS

Before the Court is a *pro se* complaint of Plaintiff Issac Davis, filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is currently incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains that he was denied proper medical care and names as defendants Alfonzo Pacheco, Patricia Thomas, Kathy Richardson, and CCA of Tennessee.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### STATEMENT OF THE CASE

Plaintiff arrived at WNC from Forcht Wade Correctional Center in April 2007 after having colostomy surgery due to colon and prostate cancer.[1] Plaintiff alleges that on October 26, 2007,

---

[1] Plaintiff alleges that he had surgery to treat colon and prostate cancer in March 2007. Elsewhere, he claims that he was diagnosed with cancer in January 2008 and complains of a delay in

after fainting near the dining hall, he was taken to the infirmary. The medical employees then intentionally lowered the thermostat to blow "ice cold air" on Plaintiff with no sheets or blankets. Plaintiff claims that he laid in the infirmary for five days before he was examined.  The exam revealed that Plaintiff was bleeding from the rectum.  On October 31, 2007, Plaintiff was transported to LSU Hospital where he remained until January 2008.  Plaintiff claims that in January 2008 he was diagnosed at LSU Hospital with colon cancer and prostate cancer.  He was scheduled for surgery and prescribed chemotherapy and other medications.

Plaintiff alleges that in July 2009, Dr. Pacheco and Nurse Practitioner Kathy Richardson unilaterally discontinued Plaintiff's chemotherapy medication without consulting with an oncologist.

Plaintiff complains that Patricia Thomas is liable as the overseer of the medical department at WNC.  He claims that she is liable for the acts and omissions of her employees and for failing to properly train and supervise the employees.

Plaintiff does not present any factual allegations against CCA of Tennessee.

## LAW AND ANALYSIS

Plaintiff claims that the medical director Pat Thomas is liable for the acts and omissions of her employees and for failing

---

diagnosis by WNC.

to train and supervise them. Vicarious liability[2] does not apply to §1983 claims. <u>Pierce v. Texas Dept. of Crim. Justice, Inst. Div.</u>, 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied,* 514 U.S. 1107 (1995). Plaintiff's claim against Pat Thomas is frivolous.

Likewise, Plaintiff attempts to hold CCA liable under §1983, presumably for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. <u>See Rosborough v. Mgmt. & Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003)(extending municipal corporate liability under §1983 to private prison management corporations and their employees). A private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." <u>Id.</u> Plaintiff's complaint is devoid of any allegations that an official policy or custom of the CCA of Tennessee was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against the entity should be dismissed.

---

[2] Vicarious liability is liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. Black's Law Dictionary (8th ed. 2004).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against defendants **CCA of Tennessee** and **Patricia Thomas** should be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous or failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

*Service of process will be ordered as to Plaintiff's claims against the physician and nurse practitioner (Defendants Pacheco and Richardson).*

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), **parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415**

(5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE