RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/9/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ISAAC DAVIS,<br>    Plaintiff | CIVIL ACTION 1:09-cv-01436<br>SECTION "P" |
| VERSUS | |
| DAVID COLE,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Isaac Davis ("Davis") on August 5, 2009 and amended on September 29, 2009 (Doc. 4) and October 20, 2009 (Doc. 7). The remaining named defendants are Dr. Alphonso Pacheco (a medical doctor employed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana), and Kathy Richardson (a nurse employed at the WCC).[1]

Davis contends that, while he was incarcerated in the WCC from April 2007 to October 31, 2009, he was denied appropriate medical

---

[1] CCA of Tennessee, LLC (operator of WCC), and Patricia Thomas (medical director at WCC) were also named as defendants, but Davis' action against them has been dismissed (Doc. 13).

care for rectal and penile bleeding and that, as a result, he was diagnosed with colon, prostate, and bladder cancer, underwent three major surgeries, and has to wear two colostomy bags for the rest of his life (Doc. 1). Davis further contends that defendants discontinued (temporarily) his chemotherapy pills and colostomy bags, and he was hospitalized for treatment of a bacterial infection due to having to use the same colostomy bags for one month (Doc. 7). For relief, Davis asks for general, special, and punitive damages (Doc. 1).

Defendants answered the complaint (Doc. 14) and filed a motion for summary judgment with affidavits and a statement of material facts (Doc. 55). Plaintiffs filed an opposition to defendants' motion with a statement of material facts, an affidavit, and medical records (Docs. 69, 71). Defendants then filed their own copy of the medical records (Doc. 79).

Defendants' motion for summary judgment is now before the court for disposition.

Law and Analysis

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. <u>Stewart v. Murphy</u>, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for

3

trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Exhaustion

1.

Defendants contend Davis' action should be dismissed because he failed to exhaust his administrative remedies.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Resort to a prison

4

grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990.

The exhaustion requirement imposed by amended § 1997e is not jurisdictional. Woodford v. Ngo, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392 (2006). However, the Fifth Circuit held in Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012), that exhaustion is mandatory and district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint; a case must be dismissed if available administrative remedies were not exhausted. Although the exhaustion requirement was previously subject in rare instances to certain defenses such as waiver,[2] estoppel,[3] or equitable tolling,[4]

---

[2] Failure to raise an affirmative defense in the answer generally results in a waiver, but noncompliance can be excused if the defendant raises the issue at a pragmatically sufficient time and there is no prejudice to the plaintiff. See Giles, 245 F.3d at 491-92. Johnson v. Johnson, 385 F.3d 503, 516 n. 7 (5th Cir. 2004). In the case at bar, defendants asserted the defense of failure to exhaust in their answer.

[3] Estoppel is an equitable doctrine invoked to avoid injustice in particular cases, and a hallmark of the doctrine is its flexible application. Dillon v. Rogers, 596 F.3d 260, 270 (5th Cir. 2010), citing Heckler v. Cmty. Health Service of Crawford County, Inc., 467 U.S. 51, 59, 104 S.Ct. 2218 (1984). The Fifth Circuit has held that estoppel provides a basis for excusing a prisoner's failure to exhaust administrative remedies. Dillon, 596 F.3d at 270, citing Days, 322 F.3d at 866 and Wendell v. Asher, 162 F.3d 887, 890 (5th Cir.1998), overruled by implication on other grounds by Jones, 549 U.S. at 216, 127 S.Ct. 910. A party claiming estoppel must, among other things, demonstrate that he or she "reasonably relied on the conduct of the other to his [or her] substantial injury." Dillon, 596 F.3d at 270, citing Mangaroo v. Nelson, 864 F.2d 1202, 1204 (5th Cir.1989). In the case at bar, Davis has not shown detrimental

5

Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003), the Fifth Circuit stated in Thomas v. Joslin, 524 Fed.Appx. 107, 111 (5th Cir. 2013), that the extent to which exceptions to the PLRA's exhaustion requirement survive Woodford is unclear, noting that Woodford explicitly declined to address the extent to which the failure to properly exhaust could be excused.  But see, Huff v. Neal, 555 Fed.Appx. 289, 294-295 (5th Cir. 2014)(reviewing exceptions to the exhaustion requirement and failing to note Gonzales v. Seal and Thomas v. Joslin).

Defendants show, through an affidavit by Mona Heyse, the Quality Assurance manager for WCC, that Davis only filed one ARP concerning the issues raised in his complaint, a First Step grievance in which he complained that defendants had discontinued his chemotherapy (Gleevec) pills (Doc. 55, Ex. 2).  In response, Pat Thomas told Davis that his Gleevec had been discontinued because he had become "immune" to it, but it had been resumed as prescribed by the oncologist (Doc. 55, Ex. 2).  Heyse responded, on behalf of the Warden, that Davis' chemotherapy pills had been

---

reliance on conduct of the defendants that prevented him from exhausting his administrative remedies.  The only detrimental reliance in this case has been by the parties, attorneys, and court, in unnecesarily expending judicial and legal resources on this case for three years longer than was necessary.

⁴ Under federal law, equitable tolling applies only rarely, usually where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights.  Teemac v. Henderson, 298 F.3d 4452, 457 (5th Cir. 2002)(EEOC case).  Equitable tolling is not applicable here.

resumed (Doc. 55, Ex. 2). Defendants show, in Heyse' affidavit (Doc. 55, Ex. 2), that Davis did not file a Second Step grievance with the Secretary of the Department of Public Safety and Corrections as to the discontinuation of his chemotherapy pills. See La. Adult Administrative Remedy Services, La. A. D.C. 22:I.325 (procedures). Defendants also show that Davis did not file any grievances as to defendants failure to provide him with appropriate and timely health care for his rectal and penile bleeding, and failure to provide him with new colostomy bags every day.

Davis has not refuted defendants' allegations as to his failure to exhaust his administrative remedies, but instead contends defendants procedurally defaulted that defense by failing to include statements as to exhaustion in their statement of material facts, in accordance with Local Rule 56.1.

Local Rule 56.1 states:

> **LR56.1  Motions for Summary Judgment**
> Every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.
>
> **LR56.2 Opposition to Summary Judgment**
> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Davis does not cite any cases that support his position that defendants waived their exhaustion defense by their failure to

7

properly include material facts as to that defense in their statement of material facts, and the undersigned has not found any such authority.

The Fifth Circuit has stated repeatedly that Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention in a motion for summary judgment—the court must consider both before granting a summary judgment. John v. State of Louisiana, 757 F.2d 698, 712 (5th Cir. 1985), citing Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980). Therefore, this court may not ignore the Fifth Circuit's strict rule requiring pretrial exhaustion of administrative remedies simply because the defendants failed to include facts as to exhaustion in their statement of material facts; the court must consider all of the evidence before it. Defendants have argued that Davis failed to exhaust his administrative remedies as to all claims raised in his complaints, and have submitted an affidavit and documentary evidence to support that argument. Davis has not refuted the allegation that he failed to exhaust his administrative remedies.

Pursuant to the Fifth Circuit's holding in Gonzalez v. Seal, exhaustion is mandatory and district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison

grievance process before filing their complaint.[5] Therefore, Davis' case should be dismissed for failure to exhaust his administrative remedies.

2.

Although defendants alleged the defense of lack of exhaustion in their answer, they failed to litigate the defense for more than three years after raising it in their answer. Substantial time, expense and judicial resources have gone into this case, including the retention and deposition of medical experts, and this case has been ongoing on for nearly five years. It would have been timely, cost-effective, and expedient for defendants to file a motion to litigate their failure to exhaust defense as early as practicable, such as in 2010. However, that does not excuse Davis' failure to exhaust his administrative remedies.

Exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time. <u>Dillon v. Rogers</u>, 596 F.3d 260, 272 (5th Cir. 2010). Affirmative defenses must be raised as early as practicable, not only to avoid prejudice, but also to promote judicial economy. If a party has a successful affirmative defense, raising that defense as early as possible, and permitting a court to rule on it, may terminate the proceedings at that point without

---

[5] It is noted that, in any event, none of the previously recognized exceptions to exhaustion apply in Davis' case, as set forth in footnotes above.

9

wasting precious legal and judicial resources. Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002). See Frazier v. Womble, 2013 WL 4788691 (W.D.Ark. 2013)(where defendant litigated the defense of failure to exhaust administrative remedies very late in the proceedings, the court held that, since exhaustion was mandatory, the case had to be dismissed but admonished defense counsel for wasting judicial resources and the parties' time and efforts, and for the needless expenditures in the case).

Davis filed his complaint on August 5, 2009. Defendants were served on February 2, 2010 (Docs. 15, 16) and they filed their answer on February 8, 2010 (Doc. 14); their answer included the affirmative defense of lack of exhaustion. The Memorandum Order with which defendants were served ordered them to file a motion for summary judgment or statement of issues for trial within 111 days of service (Doc. 9).[6] On February 1, 2011, defendants were ordered to show cause why they had not filed a statement of issues for trial or a dispositive motion (Doc. 23). Defendants then filed an untimely statement of issues for trial on February 7, 2011 (which included the issue of whether plaintiff exhausted his

---

[6] "IT IS ORDERED that the defendants filed a responsive pleading within twenty-one (21) days after the date fo service. After the defendants' responsive pleadings are filed, an additional sixty (60) days is allowed for all parties to complete all appropriate discovery. Thereafter, is deemed appropriate, Plaintiff or Defendants may file a motion for summary judgment within thirty (30) days, ... . Any party not filing a motion for summary judgment SHALL FILE a Statement of Issues within the same period ... ."

administrative remedies) (Doc. 24) and the case was set for trial on February 6, 2012 (Docs. 27, 28). Thereafter, the trial was continued several times, due in part to changes in plaintiff's counsel (Docs. 29, 30, 33, 34, 50, 57). On February 15, 2013, the defendants were granted an "additional" sixty days to file a motion for summary judgment (Doc. 50). On June 20, 2013, defendants filed a motion for extension of the deadline to file dispositive motions (Doc. 52), which was granted (Doc. 53). Defendants filed a motion for summary judgment on July 31, 2013 (Doc. 55), in which they argued that Davis failed to exhaust his administrative remedies, accompanied by a statement of material facts, an affidavit concerning Davis' attempts to exhaust his administrative remedies, and an affidavit by a medical expert. After further extensions of time related to the enrollment of new counsel, on February 25, 2014, Davis responded with a brief in opposition, a statement of material facts, an affidavit by a medical expert, and over one thousand pages of medical records (Docs. 69, 71). On April 2, 2014, defendants filed their own set of (the same) medical records (Doc. 79).

By failing to litigate the exhaustion defense as early as practicable, defense counsel has wasted judicial resources, the parties time and efforts, and the not insignificant costs of pursuing this litigation. Therefore, all costs incurred for prosecution of Davis' case after February 7, 2011 (when defendants

filed a statement of issues for trial instead of a motion to litigate the exhaustion defense) should be imposed on defendants, including the costs of the medical records and the medical expert.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment be GRANTED on the issue of failure to exhaust administrative remedies, and that Davis' action be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that defendants be assessed with all costs of this case incurred after February 7, 2011, and be ordered to pay any costs associated with plaintiff's retention and deposition of an expert medical witness.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 9th day of July 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE